**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **MARTIN STORAGE HOLDINGS, INC., Plaintiff,** | § | |
| **v.** | § | **CIVIL NO. W-26-CV-00391-CRW-DNM** |
| **AMCO INSURANCE COMPANY, Defendant.** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**TO: THE HONORABLE CHRISTOPHER R. WOLFE, UNITED STATES DISTRICT JUDGE,**

This Report and Recommendation is submitted under 28 U.S.C. § 636, FED. R. CIV. P. 72, and Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the Defendant AMCO Insurance Company's Motion to Deny Plaintiff's Claim for Attorney Fees. Dkt. No. 4. For the reasons that follow, the Court **RECOMMENDS** that the motion be **GRANTED.**

## BACKGROUND

In this first party insurance coverage dispute, AMCO filed a motion to deny Martin Storage's claim for attorney's fees based on Martin Storage's purported failure to comply with the statutory pre-suit notice required by Texas Insurance Code section 542A.003. Dkt. No. 4. Specifically, AMCO alleges that the failure to comply with section 542A.003's notice requirements prohibits the awarding of attorney's fees under Texas Insurance Code section 542A.007(d). *Id.* at 4-5. The primary issue is thus what pre-suit notice Martin Storage provided, when that notice was provided, whether the notice complied with the statutory requirements of section 542A.003, and

whether section 542.007(d) bars the recovery of attorney's fees if the notice fails to comply with section 542.003.

Several facts appear to be undisputed for the purposes of the pending motion. Martin Storage obtained an insurance policy from AMCO covering commercial buildings it owned. Martin Storage then submitted a claim alleging that the insured premises had sustained hail damage. Dkt. No. 5 at 2. A dispute arose over the scope of coverage, the damage caused by the hailstorm, the application of the policy's provisions to that damage, and the cost of repairs. *Id*. at 2-3. Consequently, the dispute appears to center on which damage was caused by the hailstorm, whether and to what extent the damage is covered under the policy including the effect of any applicable exclusions and exceptions to those exclusions, and the cost to repair the covered damage.

Based upon the parties' briefing, it appears that the cost of repair dispute was addressed under the insurance policy's appraisal provisions. Dkt. No. 6-1. Typically, during an appraisal process governed by an insurance policy, appraisers appointed by the parties try to reach an agreement regarding the cost to repair damage to an insured premises. The appraisal process is not intended to address or resolve issues related coverage but is instead focused on resolving the disputes regarding the cost of repairing damage to the premises. *See State Farm Lloyds v. Johnson,* 290 S.W.3d 886, 888–91 (Tex. 2009). The result of the appraisal process is the issuance of an appraisal award.

Martin Storage alleges, and AMCO does not dispute, that an appraisal award was issued here. Dkt. No. 5 at 3. That appraisal award was sent to and received by AMCO. The appraisal award was received by AMCO at least 61 days before the lawsuit was filed. Dkt. No. 5-1; Dkt. No. 5 at 6. While AMCO contends that it did not receive proper pre-suit notice as required under

section 542A.003, Martin Storage argues that the appraisal award and sending of the appraisal award complied with the statutory notice requirements. Dkt. No. 4 at 4-5; Dkt. No. 5 at 6. AMCO counters that the appraisal award, standing alone, did not provide all the information required in a section 542A.003 notice. Dkt. No. 6 at 2-3. Martin Storage argues that, to preserve its ability to recover attorney's fees, the notice needed to state only the amount of the claimed loss it was seeking. Dkt. No. 5 at 5-6. Martin Storage argues that the appraisal award, listing the appraisers' determined cost of repairs, sets out the specific amount of Martin Storage's claim. *Id*. at 6.

## APPLICABLE LEGAL STANDARD

Section 542A.003 establishes a pre-suit notice requirement. TEX. INS. CODE § 542A.003. Unless a statutory exception applies, a claimant must give the insurer against whom the action will be brought written notice of the underlying claim no less than sixty-one days before filing suit. *Id*. § 542A.003(a)–(b). The notice must identify the conduct underlying the claim, state the specific amount the insurer allegedly owes for damage to or loss of covered property, and disclose the reasonable and necessary attorney's fees incurred through the date of notice. *Id*. The attorney's fee amount must be calculated from the hours actually worked, as reflected in contemporaneously maintained time records, using an hourly rate customary for comparable legal services. *Id*. The statute thus requires both advance notice of the dispute and specified information about its factual and monetary basis; a statement of the claimed property loss is one component of that notice.

When an attorney or another representative provides the notice for the claimant, the representative must furnish the claimant with a copy and state in the notice that a copy has been provided to the claimant. *Id*. § 542A.003(c). The statute excuses pre-suit notice when giving it is impracticable because there is a reasonable basis to believe that the limitations period will expire before the notice can be given. *Id*. § 542A.003(d)(1). This exception turns on the practicability of

providing advance notice considering the time remaining before limitations expires.

Section 542A.007(d) addresses a consequence of failing to provide the required notice. To invoke that provision, the defendant must plead and prove that it was entitled to but did not receive pre-suit notice stating the specific amount allegedly owed under § 542A.003(b)(2) at least sixty-one days before suit was filed. The defendant must file the pleading challenging the notice within thirty days after filing its original answer. If those conditions are established, the court may not award the claimant attorney's fees incurred after the date the defendant filed that pleading. *Id.* § 542A.007(d). The provision therefore establishes a prospective cutoff tied to the filing of the defendant's pleading, rather than a forfeiture of all attorney's fees incurred in connection with the claim. It does not itself establish that fees incurred before that cutoff are recoverable.

In support of their argument that the sending of the appraisal award satisfied the pre-suit notice requirements, Martin Storage cites *Compound South, LLC v. State Automobile Mut. Insurance Company* from the Northern District of Texas. 2024 WL 858011 (N.D. Tex. Jan. 31, 2024). That report and recommendation thoroughly examines Texas district court opinions that have reached conflicting resolutions of this issue. *Id.* at *5–6. Some of those opinions cited in *Compound South* support Martin Storage's position, and some of those opinions support AMCO's position here. After a thorough review of those conflicting opinions, that court held that the only substantive notice requirement necessary to avoid fee preclusion under § 542A.007(d) is a clear and unequivocal statement of the amount owed on a given claim. *Id.* at *6. It thus held that the sending of a sworn proof of loss in support of a claim was sufficient to set forth the amount being sought by the insured and the basis for that amount, and that attorney's fees could be recovered despite the fact that the balance of the notice requirements in 542A.003 were not met. *Id.* at *9. In reaching this conclusion, the court focused on the fact that section 542A.007(d) conditions

recovery of attorney's fees only upon a notice that includes the specific amount alleged to be owed by the insurer. *Id*. at *7. Because section 542A.007 did not condition the ability to recover attorney's fees on any of the other 542A.003 notice requirements, the court held that the proof of loss was sufficient because it stated the amount plaintiffs in that case contended they were entitled to under the insurance policy at issue in that case. *Id*. at *7, *9. The *Compound South* order also includes a discussion of cases that have held otherwise, which found that all the requirements of a pre-suit notice must be met before attorney's fees are recoverable. *Id.* at *5-6. While *Compound South* permitted the recovery of fees based on the sending of the sworn proof of loss, the court noted that other courts would not have permitted the recovery of fees.

## ANALYSIS

In this case, whether the *Compound South* test is applied or the conflicting tests cited in *Compound South* are applied is irrelevant. Without accepting *Compound South*'s holding as the correct interpretation of section 542A.007's limitations, the Court finds that the appraisal award at issue does not satisfy *Compound South*. In *Compound South*, the court noted that the sworn proof of loss clearly stated that the amount listed is what the plaintiff in that case was seeking. It accounted for any deductibles or other limitations claimed based on the coverage provided for under the applicable policy and that the amount listed was owed to plaintiff. *Id*. at *9. It was the plaintiff's sworn statement claiming that was it believe the amount states was the amount owed.

The appraisal award here does not include the same information. *See* Dkt. No. 5-1. Again, appraisal does not address issues related to coverage. Consequently, while the appraisal award may list an amount that is a reasonable cost to repair a given scope of damages, the award does not determine whether all that damage is covered under the applicable policy. It does not address issues related to potential exclusions from coverage, limitations, or certain kinds of damage caused to

certain types of structures and materials caused by specific causes of loss that may or may not be included in the policy. The appraisal award also does not consider any deductibles. It simply states that it would cost a given amount of money to repair a given scope of damages without any regard for whether those damages are covered under the policy or not. Whereas the plaintiffs in *Compound South* stated in their sworn proof of loss their belief that the amount claimed was the amount they were owed under the policy, there was no such statement listed in the appraisal award. *Compound S.*, 2024 WL 858011, at *9. The appraisal award only lists the costs of repairs for a given scope of damages, but it makes no claim that the amount listed in the appraisal award is the amount owed or how that amount was determined beyond the associated estimate. Consequently, looking at the appraisal award itself, the specific amount Martin Storages claims it is owed under the policy cannot be determined. It identifies only what the cost of repairs is for the scope of work in the estimate attached to the appraisal award. That is not enough give section 542A.007(d)'s that the insured state "the specific amount alleged to be owed by the insurer" as a condition to the recovery of attorney's fees.

Accordingly, the appraisal award does not satisfy section 542A.003's notice requirements or the notice requirement of section 542A.007(d) as interpreted and applied in *Compound South*. Moreover, as *Compound South* recognizes, numerous courts have held that a notice must satisfy all of section 542A.003's requirements to avoid fee preclusion. The appraisal award does not satisfy all those requirements, and Martin Storage does not contend otherwise.

**CONCLUSION**

Because the appraisal award does not clearly identify the amount Martin Storage claims it is entitled to recover under the policy for the storm at issue, the award alone does not satisfy section 542A.007(d) as interpreted and applied in *Compound South*. Nor does the award satisfy all of

section 542A.003's notice requirements as required by other courts. It contains no statement of the acts or omissions giving rise to the claim, does not specify the reasonable and necessary attorney's fees incurred as of the notice date, and does not state that a copy was provided to Martin Storage. There is also no indication that Martin Storage received a copy. Accordingly, whether evaluated under *Compound South* or the competing interpretations discussed therein, the appraisal award did not provide the requisite pre-suit notice. Martin Storage is therefore barred from recovering attorney's fees incurred after AMCO filed its motion.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battles v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions the District Judge accepts. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** this 16th day of November, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE

